# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BRZ INVESTMENTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-10-418-M |
| | ) | |
| EMPLOYERS MUTUAL CASUALTY | ) | |
| CO., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This case is scheduled for trial on the Court's July, 2011 trial docket.

Before the Court is Defendant's Motion for Partial Summary Judgment on Bad Faith [docket no. 28], filed April 29, 2011. On May 20, 2011, plaintiff filed its response, and on May 27, 2011, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

## I.    Introduction

In this action, BRZ Investments, Inc. ("BRZ"), a Kansas corporation, is seeking to recover damages under theories of breach of contract and bad faith breach of contract. Employers Mutual Casualty Company d/b/a EMC Insurance Companies ("EMCC") issued a policy of commercial property and liability insurance to BRZ effective March 5, 2009 through March 5, 2010 insuring real property located at 3150 E Reno Avenue in Oklahoma City, Oklahoma. On or about May 21, 2009, BRZ submitted a claim for damage to the Reno property due to hail damage. Both parties subsequently had the property damage inspected. On November 25, 2009, BRZ submitted a proof of loss statement claiming the Reno property suffered a hail loss on July 17, 2009 in the amount of $1,366,862.48 less the applicable $1,000.00 deductible. By letter, dated January 29, 2010, EMCC

1

rejected BRZ's demand set forth within the proof of loss for the reason that the damage to the Reno property was not covered under the policy as it predated the EMCC policy's inception date.

EMCC now moves for partial summary judgment on the grounds and for the reason that there is no genuine dispute as to the material facts concerning the handling by EMCC of the claim in issue. In its motion for partial summary judgment, EMCC does not dispute that BRZ has an actionable claim on its insurance contract with EMCC, but rather contends that it is entitled to summary judgment on BRZ's claim for bad faith breach of contract. Specifically, EMCC contends that because there was legitimate a dispute as to coverage, there is no bad faith, and, thus, EMCC is entitled to judgment as a matter of law.

## II.     Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechanics v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."

*Neustrom v. Union Pacific R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

### III. Discussion

The Oklahoma Supreme Court first recognized the tort of bad faith by an insurer in the case of *Christian v. Am. Home Assurance Co.*, 577 P.2d 899 (Okla. 1978). In so doing, the court held that "an insurer has an implied duty to deal fairly and act in good faith with its insured and that the violation of this duty gives rise to an action in tort for which consequential and, in a proper case, punitive, damages may be sought." *Id.* at 904. The court further recognized:

> there can be disagreements between insurer and insured on a variety of matters such as insurable interest, extent of coverage, cause of loss, amount of loss, or breach of policy conditions. Resort to a judicial forum is not per se bad faith or unfair dealing on the part of the insurer regardless of the outcome of the suit. Rather, tort liability may be imposed only where there is a clear showing that the insurer unreasonably, and in bad faith, withholds payment of the claim of its insured.

*Id.* at 905.

In order to establish a bad faith claim, an insured "must present evidence from which a reasonable jury could conclude that the insurer did not have a reasonable good faith belief for withholding payment of the insured's claim." *Oulds v. Principal Mut. Life Ins. Co.*, 6 F.3d 1431, 1436 (10th Cir. 1993). In order to determine whether the insurer acted in good faith, the insurer's actions must be evaluated in light of the facts the insurer knew or should have known at the time the insured requested the insurer to perform its contractual obligation. *Id.* at 1437. The essence of the tort of bad faith is

> unreasonable, bad-faith conduct, including the unjustified withholding of payment due under a policy, and if there is conflicting evidence from which different inferences might be drawn regarding

3

> the reasonableness of insurer's conduct, then what is reasonable is always a question to be determined by the trier of fact by a consideration of the circumstances in each case.

*McCorkle v. Great Atl. Ins. Co.*, 637 P.2d 583, 587 (Okla. 1981).

However, the mere allegation that an insurer breached its duty of good faith and fair dealing does not automatically entitle the issue to be submitted to a jury for determination. *Oulds*, 6 F.3d at 1436. The Tenth Circuit has held:

> [a] jury question arises only where the relevant facts are in dispute or where the undisputed facts permit differing inferences as to the reasonableness and good faith of the insurer's conduct. On a motion for summary judgment, the trial court must first determine, under the facts of the particular case and as a matter of law, whether insurer's conduct may be reasonably perceived as tortious. Until the facts, when construed most favorably against the insurer, have established what might reasonably be perceived as tortious conduct on the part of the insurer, the legal gate to submission of the issue to the jury remains closed.

*Id.* at 1436-37 (internal citations omitted).

"A claim must be paid promptly unless the insurer has a reasonable belief that the claim is legally or factually insufficient." *Willis v. Midland Risk Ins. Co.*, 42 F.3d 607, 611-12 (10th Cir. 1994). "To determine the validity of the claim, the insurer must conduct an investigation reasonably appropriate under the circumstances. If the insurer fails to conduct an adequate investigation of a claim, its belief that the claim is insufficient may not be reasonable." *Id.* at 612 (internal quotations and citation omitted). Thus, "[t]he investigation of a claim may in some circumstances permit one to reasonably conclude that the insurer has acted in bad faith." *Oulds*, 6 F.3d at 1442.

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to BRZ and viewing all reasonable inferences in BRZ's favor, as the Court must when addressing a motion for summary judgment, the Court finds BRZ has

4

failed to present sufficient evidence to create a genuine issue of material fact as to whether EMCC acted in bad faith and violated its duty to deal fairly and act in good faith.

In the case at bar it is uncontested that on or about December 15, 2008 BRZ purchased a self-storage facility known as Reno Avenue Self Storage located at 3150 E. Reno Avenue in Oklahoma City, Oklahoma. The parties agree that EMCC issued a policy of commercial property and liability insurance to BRZ effective March 5, 2009 through March 5, 2010 insuring the property and that approximately two months later on or about May 21, 2009, BRZ submitted a claim for hail damage to the property. Both parties retained adjusters to inspect the twelve storage buildings and one office building on the property. EMCC first retained Mike Schramm with Southwest Claim Incorporated. Mr. Schramm's report dated June 23, 2009, noted the repair and recover of the property, comprised of 106,080 square feet of roof, for the amount of $415,102.62. On July 16 and 17, 2009 EMCC's adjuster Tom Monnier inspected the property and found that all of the metal roofs showed considerable hail and wind damage but upon review of the damage and weather reports for the area, the damage predated the inception of the EMCC policy and more likely occurred in May of 2008. Mr. Monnier wrote to BRZ and informed it of his findings. Mr. Monnier also noted some damage as a result of a hail storm that occurred on the evening of July 16, 2009 to certain asphalt roofing and estimated the cost of covered repair at $31,333.38. After application of the deductible and depreciation EMCC made an initial payment of $19,366.70 with the balance due upon completion of the repairs.

Thereafter, BRZ retained Eric Raisman a licensed public adjuster. On October 19, 2009, Mr. Raisman submitted to EMCC a letter of representation and demand for repair of the property as a result of a hail loss on July 16, 2009. EMCC then retained HDHY Engineering, Inc. to inspect the

5

Reno property on November 16 and 17, 2009. Engineer Brian Heffernan of HDHY concluded the property had suffered cosmetic hail damage from a May 2008 hail storm, which predated EMCC's insurance coverage on the property only. On November 25, 2009, BRZ completed a Sworn Statement in Proof Of Loss claiming the $1,366,862.48 in hail damages occurred on July 17, 2009. On January 29, 2010 EMCC by letter rejected BRZ's claim for the reason that the damage to the Reno property buildings, other than to the extent already paid, occurred prior to the inception date of the policy. On April 25, 2010 this lawsuit was filed.

BRZ contends EMCC violated its duty of good faith and fair dealing by failing to properly investigate, evaluate and pay BRZ. EMCC has never contended that BRZ was not entitled to payment on its claim; instead, EMCC contends its adjustment of the claim was reasonably based on the information known to EMCC at the time of the adjustment. Specifically, the adjustment was supported by EMCC's claim adjuster and an independent engineer retained to evaluate the damage.

Based upon the evidence presented by the parties, the Court finds EMCC's investigation of BRZ's claim of loss and payment based on the findings of the independent adjuster Mike Schramm and EMCC's adjuster Tom Monnier reasonable. The Court also finds it reasonable for EMCC to retain HDHY, an independent engineering firm after receiving BRZ's 1.3 million dollar statement of loss subsequent to its payment on the claim. The Court finds further that the differing findings as to the damage and recovering cost when reasonably construed does not amount to bad faith. Finally, the Court finds that having the subject property inspected several times and paying based on initial estimates reasonable under the circumstances and, thus, EMCC has not acted in bad faith.

Accordingly, the Court GRANTS EMCC's partial motion for summary judgment as to plaintiff's bad faith claim [docket no. 28].

**IT IS SO ORDERED this 20th day of June, 2011.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE