# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRZ INVESTMENTS, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>EMPLOYERS MUTUAL CASUALTY )<br>CO., )<br>)<br>Defendant. ) | Case No. CIV-10-418-M |

## ORDER

Before the Court is Employers Mutual Casualty Co.'s Motion to Compel Discovery from Plaintiff, filed June 1, 2011. On June 13, 2011, plaintiff ("BRZ") filed its response. No reply to BRZ's response has been filed. Based upon the parties' submissions, the Court makes its determination.

## I. Introduction

BRZ Investments, Inc. ("BRZ") filed the instant action on April 26, 2010, alleging breach of insurance contract and bad faith breach of contract by Employers Mutual Casualty Co. ("EMCC"). Specifically, BRZ contends EMCC denied payment for additional policy benefits owed to BRZ, beyond a partial payment made by EMCC for repair to the roofs of its commercial property. EMCC rejected BRZ's demand for additional payment for the reasons that the damage to the property predated the EMCC's policy's inception date. On January 17, 2011, EMCC submitted Interrogatories and Requests for Production of Documents to BRZ. On March 3, 2011, BRZ submitted its responses to EMCC's discovery. On June 13, 2011, BRZ supplemented its discovery responses.

1

EMCC asserts that BRZ has failed to fully answer certain interrogatories and requests for production. Pursuant to Federal Rule of Civil Procedure 37(a), EMCC moves the Court for an order compelling discovery from BRZ. In its response, BRZ asserts that the discovery requests at issue have been fully answered or are clearly irrelevant, overly broad or unduly burdensome and will not lead to the discovery of admissible evidence.

## II.    Discovery Requests at Issue

The discovery requests and BRZ's responses that are at issue state as follows:

**INTERROGATORY NO. 5:** Provide a description of any and all repairs that have been initiated by you or at your direction since the incident(s) occurred that precipitated your filing of claims(s) regarding the subject property under the subject insurance policy, and as to each such repair state the name, address and telephone numbers of the person(s) or company(s) that conducted the repair and state the actual cost thereof.

**ANSWER:** Temporary repairs to the roof have been performed at the property. Temporary repairs have been performed by Zach Wood and Kenny Wood.

**INTERROGATORY NO. 6:** Identify the insurance company, policy period and number of any and all insurance policies by which you have carried any insurance on the subject property, including, but not limited to, new insurance coverage for the subject property since the termination of BRZ's policy with EMCC.

**ANSWER:** Objection. Interrogatory No. 6 is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding said objection, the Policy which is the subject of this litigation is: EMCC Insurance Policy# 3W8-69-53. Stating further, State Auto insured the property after EMCC. See documents produced by State Auto Insurance in response to the subpoena.

**INTERROGATORY NO. 7:** State the following for all lawsuits and claims, other than this action, including, but not limited to, civil, criminal and bankruptcy cases to which you have been a party within the last ten (10) years:

a. Style of the case (name of the court, case number, parties); and
b. The disposition of the case from your standpoint including a specific reference to any damages rewarded.

**ANSWER:** Objection. Interrogatory No. 7 irrelevant and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objection, BRZ is involved in litigation in the United States District Court for the District of Kansas: No. 10-1127-JAR. BRZ was also involved in one prior matter involving litigation pertaining to a cell phone tower. The case number is unknown. See examination under Oath of Betty Wood.

**INTERROGATORY NO. 8:** State with specificity the damages which you are claiming in this lawsuit, including, but not limited to property damage, damage to personal property, investigatory fees, attorney's fees, and costs, as alleged in paragraph 18 of your Compliant, and as to each such item of damages claimed, (a) describe and itemize how such damages were computed; (b) state all factors taken into account in computing damages; c) describe and itemize any mitigation of such damage you have undertaken; and (d) identify all documents relied upon or referred to in computing these damages.

**ANSWER:** Objection. Interrogatory is overly broad and unduly burdensome. Notwithstanding said objection, Plaintiff seeks to recover the cost to repair and/or replace the damaged property as set forth in the Anderson Group International Estimate. Plaintiff also seeks to recover extra contractual damages.

**INTERROGATORY NOS. 10-13:** In its Motion to Compel EMCC contends these interrogatories essentially sought the factual basis of BRZ's claim of bad faith breach of contract against EMCC. As the Court has granted summary judgment as to BRZ's bad faith claim EMCC's motion to compel as to Interrogatory Nos. 10-13 is now moot.

**INTERROGATORY NO. 15:** State the names, addresses, telephone numbers and unit numbers of any tenants of the subject property that have reported any damage to personal property stored at the subject property by reason of the loss at issue in this lawsuit.

**ANSWER:** Objection. Interrogatory No. 15 is vague, overly broad, and unduly burdensome. Subject to and without waiving said objection: Mark Wells, (405) 229-6539, Unit 572; Vernon Hudgins, (405) 232-5998, Unit 509; Mary Bruner, (405) 736-9402, Unit 285, In addition, leaking occurred in the row of 600s.

**REQUEST FOR PRODUCTION NO. 10:** Produce all documentation, photographs and video tape related to any inspection that was conducted of the subject property, including, but not limited to, the initial inspection that was conducted prior to your purchasing the subject property. This request should be read to include inspections conducted by any person or entity including Plaintiff or at its' request.

**RESPONSE:** Objection. Request for production of documents is overly broad and unduly burdensome. Notwithstanding, see HDHY Report, Proposal/Contract from Better Guarantee Co., Anderson Group International Estimate, 4/30/10 photographs; TBRC Estimate; EMC Building Estimate; and Purchase Contract for Reno Storage.

**REQUEST FOR PRODUCTION NO. 15:** Produce all maintenance requests, work orders and documentation of completed work for the subject property for the past five (5) years.

**RESPONSE:** Objection. Request No. 15 is vague, overly broad and unduly burdensome. None.

**REQUEST FOR PRODUCTION NO. 17:** Produce documents reflecting the engagement of TBRC Roofing Company by BRZ and documents reflecting any commissions, fee agreements or anything of value paid or to be paid to TBRC Roofing Company.

**RESPONSE:** None other than documentation previously produced. See BRZ000160-161. See also documentation produced by TBRC responsive to subpoena.

**REQUEST FOR PRODUCTION NO. 20:** Produce all documents related to any insurance claims made by BRZ pertaining to any and all properties in which BRZ has or had an ownership interest.

**RESPONSE:** Plaintiff objects to Request No. 20, on the basis that it is irrelevant and not reasonably calculated to lead to admissible evidence.

## III. Discussion

Federal Rule of Civil Procedure 26(b)(1) provides, in pertinent part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

EMCC moves the Court to compel BRZ to answer interrogatory no. 5. Interrogatory no. 5 seeks information regarding any repairs to the subject property since the occurrence of the incidents described in this lawsuit. Initially, BRZ only responded that temporary repairs have been made. Upon supplementing its answer, BRZ identified RD Wood and Jose Perez as the individuals who

performed temporary repairs at the property. BRZ contends the depositions of RD Wood and Jose Perez have now been taken by EMCC. BRZ also contends during RD Wood's deposition it was explained that records related to the temporary repairs which were made to the property are not maintained. EMCC has not filed any reply to BRZ's supplemental answer to interrogatory no. 5. Having carefully reviewed BRZ's answer to interrogatory no. 5, the Court finds that EMCC's motion to compel should be denied as to interrogatory no. 5.

EMCC further moves the Court to compel BRZ to respond to interrogatory no. 6. Interrogatory no. 6 seeks the identity of any insurance company, policy period and policy number of all insurance policies BRZ has carried on the subject property. In response, BRZ objects to interrogatory no. 6. BRZ contends interrogatory no. 6 is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. In its supplemented response, BRZ objects to interrogatory no. 6 but also lists EMCC's policy along with reference to a State Auto Insurance policy and documents produced in response to a subpoena in this lawsuit. EMCC has not filed any reply to BRZ's supplemental answer. Having carefully reviewed BRZ's answer to interrogatory no. 6, the Court finds that EMCC's motion to compel should be denied as to interrogatory no. 6.

EMCC further moves the Court to compel BRZ to respond to interrogatory no. 7. Interrogatory no. 7 seeks information regarding any and all lawsuits and claims, other than this lawsuit, in which BRZ has been a party. In its response, BRZ states this information has been disclosed to EMCC. EMCC has not filed any reply to BRZ's supplemental answer. Having carefully reviewed BRZ's answer to interrogatory no. 7, the Court finds that EMCC's motion to compel should be denied as to interrogatory no. 7.

EMCC further moves the Court to compel BRZ to respond to interrogatory no. 8 by

disclosing the damages and the bases for the damages sought in this lawsuit. BRZ contends damages and the bases for damages are set out in the Anderson Group International Estimate, a forty page document previously disclosed to EMCC. BRZ also contends how the 40 page estimate was created and calculated was discussed by Mick Talmadge of Anderson Group International during his June 10, 2010 deposition. EMCC has not filed any reply to BRZ's supplemental answer. Having carefully reviewed BRZ's answer to interrogatory no. 8, the Court finds that EMCC's motion to compel should be denied as to interrogatory no. 8.

EMCC also moves the Court to compel BRZ to respond to interrogatory no. 15. Interrogatory 15 seeks the production of the name, phone number and address of any tenants who have reported damage to personal property. BRZ contends in its response that it has disclosed this information on those tenants who had reported leaks which is all the information it has. BRZ also contends it does not seek to recover damages for damage to personal property of tenants. EMCC has not filed any reply to BRZ's supplemental answer. Having carefully reviewed BRZ's answer to interrogatory no. 15, the Court finds that EMCC's motion to compel should be denied as to interrogatory no. 15.

EMCC moves the Court to compel BRZ to respond to request for production no. 10. Request for production no. 10 seeks the production of all documentation, photographs and video tapes related to any inspection that was conducted on the subject property. In its response to EMCC's motion BRZ contends it answered request for production no. 10 and produced the documentation and information it had. Additionally, BRZ contends RD Wood testified during his deposition regarding inspections performed before the purchase and that he had no additional information to produce. EMCC has not filed any reply to BRZ's supplemental answer. Having carefully reviewed BRZ's

6

response to request for production no. 10, the Court finds that EMCC's motion to compel should be denied as to request for production no. 10.

EMCC further moves the Court to compel BRZ to respond to request for production no. 15. Request for production no. 15 seeks the production of work orders and maintenance records of the past five years. BRZ contends it has not owned the property for five years, thus making the request overly broad and unduly burdensome. BRZ also states consistent with the deposition of RD Wood, no maintenance records exist for the property. EMCC has not filed any reply to BRZ's supplemental answer. Having carefully reviewed BRZ's response to request for production no. 15, the Court finds that EMCC's motion to compel should be denied as to request for production no. 15.

EMCC further moves the Court to compel BRZ to respond to request for production no. 17. Request for production no. 17 requests the production of records related to the engagement of TBRC Roofing Company by BRZ. Specifically, EMCC seeks the production of a written contract between TBRC and BRZ. BRZ contends it has previously produced documentation responsive to this request. BRZ also contends as RD Wood testified during his deposition, it is not in possession of any such contract and therefore has no such contract to produce. EMCC has not filed any reply to BRZ's supplemental answer. Having carefully reviewed BRZ's response to request for production no. 17, the Court finds that EMCC's motion to compel should be denied as to request for production no. 17.

EMCC also moves the Court to compel BRZ to respond to request for production no. 20. Request for production no. 20 seeks the production of all insurance claims made by BRZ pertaining to any and all properties in which BRZ has an ownership interest. BRZ objects to this request as irrelevant and overly broad. Specifically, BRZ contends it owns multiple properties in various

7

states and that insurance claims on other properties it owns are irrelevant to this litigation. EMCC contends the relevancy of this request is based upon its independent discovery of BRZ's subsequent and still open insurance claim with State Auto Insurance Companies concerning the same roofs and for the same damage as in this lawsuit.

Having carefully reviewed the parties' submissions, the Court finds that while EMCC's request for production no. 20 seek discoverable information regarding other similar acts with other properties owned by BRZ, EMCC's request is overly broad. Accordingly, the Court finds that EMCC's request for production should be limited to the El Reno property.

**IV.    Conclusion**

Therefore, the Court GRANTS IN PART and DENIES IN PART EMCC's Motion to Compel Discovery [docket no. 39] and ORDERS BRZ to respond to Request for Production of Documents No. 20 as to the El Reno property. Said response shall be provided to EMCC within five (5) days of the date of this Order.

**IT IS SO ORDERED this 24th day of June, 2011.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE